**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GEORGE HUNTER, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-01303-O** |
| | § | |
| **BELL TEXTRON INC, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

# OPINION AND ORDER

Before the Court are Defendant Bell Textron Inc.'s ("Defendant") Motion to Compel and for Sanctions, and Brief in Support (ECF Nos. 147, 148), filed on September 8, 2026; Plaintiff George Timothy Hunter's ("Plaintiff Hunter") Response and Appendix in Support (ECF Nos. 159, 160), filed on September 24, 2026; Defendant's Reply (ECF No. 163), fled on September 28, 2026, and Appendix in Support (ECF No. 164), filed on October 1, 2026. Having considered the Motion, briefing, and applicable law, the Court **DENIES in part** and **GRANTS in part** Defendant's Motion to Compel and for Sanctions (ECF No. 147).

The Court **DENIES** Defendant's Motion to Compel Plaintiff Hunter's medical records as moot. As for sanctions, the Court **DENIES** Defendant's Motion to Stike Plaintiff Hunter's Claims; **DENIES** Defendant's Motion to Exclude Plaintiff Hunter's damages experts; **DENIES** continuance of the trial date; **GRANTS** a sixty-day extension reopening discovery for the limited purpose of (1) allowing Defendant to retain an expert to perform an independent medical examination, (2) allowing Defendant's economic damages experts to review said examination for purposes of supplementing their reports, and (3) allowing Defendant to perform a subsequent deposition of Plaintiff Hunter related to his injuries at the Galt Ranch; and **GRANTS** Defendant's

motion for attorneys' fees, expenses incurred in preparing and filing their motion (ECF No. 147), and the costs of preparing updated expert reports of Dr. Michelle Aliff and David Fuller. Should the timing of the case and discovery require it, and Parties demonstrate good cause, Parties may move for a continuance of the trial date for the Court's consideration.

## I. BACKGROUND[1]

This case arises from a helicopter crash on June 8, 2022, near Kalea, Hawaiʻi. Plaintiff George Hunter ("Plaintiff Hunter"), a helicopter pilot, was conducting a tour for Plaintiff K&S Helicopters, Inc. with five passengers on board when the Bell model 407 helicopter's tail boom separated from the body of the aircraft in-flight at an altitude of 1,500 feet. Plaintiff Hunter crash-landed the helicopter onto a lava field. All six of the helicopter's passengers survived. All passengers, including Plaintiff Hunter suffered injuries because of the crash.

Plaintiffs Hunter, K&S Helicopters, Calvin Dorn, and Stacy Dorn brought this action in Hawaiʻi state court against Defendant Bell Textron, Inc. ("Defendant") for strict products liability, products liability under a negligence theory, negligence, breach of warranties, vicarious liability, punitive damages, negligent infliction of emotional distress, and U.C.C. breach of express and implied warranties on June 4, 2024. Relevant to this Order, Plaintiff Hunter specifically claims personal injury damages because of the helicopter crash and alleges the crash rendered him unemployable. Defendant removed the action to federal court, and on November 18, 2025, the United States District Court for the District of Hawaiʻi transferred the case to this Court.

Parties began discovery soon after Plaintiffs filed suit. On November 25, 2024, Plaintiff Hunter served his initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(11).[2]

---

[1] Unless otherwise indicated, the Court's recitation of the facts is taken from Plaintiffs' Complaint. *See* Pls.' Compl., ECF No. 1-3.
[2] Def.'s Mot. Comp. ¶¶ 5–6, ECF No. 148.

Within these disclosures, Plaintiff Hunter stated that he was waiting to receive medical records from medical providers he had seen after the crash.[3] However, Defendant alleges that Plaintiff "never supplemented his initial disclosures to identify providers other than those contained in the initial disclosures made on November 25, 2024."[4]

Plaintiff Hunter later sustained a subsequent injury after the 2022 helicopter crash while working for another employer at Galt Ranch in Montana on November 30, 2024.[5] On December 2, 2024, Plaintiff Hunter received medical treatment in a clinic in Montana after "he fell off an all-terrain vehicle" while working on a ranch on November 30, 2024.[6] This injury was never disclosed to Defendant during the discovery period nor was it disclosed during Plaintiff Hunter's deposition on June 16, 2026.[7] Rather, Defendant learned of this work injury pursuant to a Rule 34 discovery request for any settlement agreements or Mary Carter agreements related to the underlying accident in September 2026.[8] Additionally, Plaintiff Hunter's own experts omit this injury in their reports for calculating the extent of his damages related to the helicopter crash.[9] His experts "contend that Plaintiff is unemployable and has no ability to perform any vocation"[10] because of the helicopter crash in 2022. Because the discovery period ended on September 7, 2026, Defendants could not conduct further investigation as to whether Plaintiff Hunter's injury from November 2024 affect any of Plaintiff's claims.

Defendants brought this Motion to Compel and for Sanctions on September 8, 2026, after learning of Plaintiff Hunter's 2024 injury. Plaintiff filed a Response and Appendices in Support

[3] *Id.*
[4] *Id.*
[5] *Id.* at ¶ 7; Pl.s' Resp. Mot. Comp. 6, ECF No. 159.
[6] Pl.s' Resp. Mot. Comp. 2–3, ECF No. 159.
[7] Def.'s Br. Mot. Comp. ¶ 7, ECF No. 148.
[8] *Id.* at ¶¶ 8, 10.
[9] *Id.* at ¶ 14.
[10] *Id.*

opposing Defendant's Motion. Defendant filed a Reply. Additionally, during briefing, Plaintiff Hunter produced the Montana medical records from the 2024 injury. Therefore, the Motion to Compel Plaintiff Hunter's medical records is **DENIED** as moot. The Court now considers Defendant's Motion for Sanctions.

## II. LEGAL STANDARDS

### A. Rule 37(c)(1) Sanctions

Under Federal Rule of Civil Procedure 37(c)(1) when a party fails to disclose information as required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Additionally, a court may impose sanctions like "order[ing] payment of the reasonable expenses" such as related attorney's fees, staying proceedings, informing the jury of the party's failure, striking pleadings in whole or in part. *Id.* For Rule 37(c)(1) to apply, a party must violate Rule 26(a) or (e).

Rule 26 requires a disclosing party to provide a computation of each category of damages claimed, along with documents and evidence of material bearing on the injuries suffered. FED. R. CIV. P. 26(a)(1)(A)(iii). The Rule imposes a duty to supplement or correct disclosures in a timely manner if a party learns that some material aspect of the disclosure is incomplete or incorrect. *See id.* R. 26(e)(1)(A). When a party fails to disclose this information during discovery, the court evaluates whether the omission was "substantially justified or is harmless" using a four factor test: (1) the party's explanation for its failure to disclose the information timely; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence. FED. R. CIV. P. 37(c); *Barrett v. Atlantic*

*Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). If the omission was not substantially justified or harmless, the court may impose sanctions under Rule 37(c)(1).

The party moving for sanctions bears the burden proving that the nonmoving party failed to make a disclosure required under Rule 26. *See generally Cooper v. Meritor, Inc.*, 2019 WL 1028530, at *11 (N.D. Miss. Mar. 4, 2019); *see also Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017) ("The party requesting sanctions bears the initial burden of establishing that the opposing party failed to comply with the disclosure requirements established in Rule 26."). If this burden is met, then the burden shifts onto the nonmoving party to establish "substantial justification or harmlessness." *Cooper*, 2019 WL 1028530, at *11.

## III. ANALYSIS

Plaintiff Hunter has an obligation under Rule 26(a)(1)(A)(iii) to disclose computation of damages as well as supporting evidence that bears on the nature of the injuries suffered. Additionally, the Rule imposes a duty on Plaintiff Hunter to continue to supplement or correct initial disclosures in a timely manner when he learns that some material aspect of the disclosure is incomplete or incorrect. FED. R. CIV. P. 26(e). Accordingly, Rule 37(c)(1) allows for a court to impose sanctions when Rule 26 is violated unless the party's lack of disclosure was "substantially justified or . . . harmless." *Id.* R. 37(c)(1). Here, Plaintiff Hunter's omission was not "substantially justified or . . . harmless[,]" so sanctions may be imposed. *Id.* Because his claims involve personal injuries, Defendant necessarily needs to evaluate accurate and current medical records to adequately prepare a defense; a failure to disclose a subsequent injury or a newly diagnosed condition may contradict any damages claims that Plaintiff Hunter brings.

### A. Plaintiff Hunter's Explanation for Failure to Disclose Medical Records

The first factor weighs in favor of Defendant. Here, Plaintiff Hunter fails to provide a persuasive explanation as to why he omitted his subsequent injury on November 30, 2024. Plaintiff Hunter neglected to inform Defendant of his injury during his deposition and excluded relevant medical records when he had a duty to do under Rule 26, yet his Response (ECF No. 159) provides no persuasive explanation for his failure to disclose this critical information during discovery.[11]

Plaintiff Hunter misinterprets Rule 26's requirements for disclosures. He alleges that he properly failed disclose his previous injury and medical records related to the injury because that evidence would not be used to "support [his] damages calculations."[12] He also claims that he did not intend to use his subsequent injury in any of his claims against Defendant, therefore his omission did not violate Rule 26.[13] But because Plaintiff Hunter's claims involve personal injury related to the helicopter crash, his work injury *after* the helicopter crash may have also affected his overall physical abilities and necessarily affect how damages were calculated. Therefore, this evidence is necessary to evaluate his allegations, and Plaintiff Hunter disregards this evidence's importance by failing to provide viable reason for its omission.

Plaintiff Hunter also attempts to evade this factor by stating that Defendant's questions during his deposition were only related to his injuries sustained during the helicopter crash and for treatment for those injuries, and not related to any post-crash accidents.[14] According to Plaintiff Hunter, because defense counsel did not "ask Plaintiff why he left the job [at the Galt Ranch in Montana] or if Plaintiff sustained any injuries on the job[,]" he did not have a duty to volunteer

---

[11] Def.'s Br. Mot. Comp. ¶ 7, ECF No. 148.
[12] Pl.'s Resp. Mot. Comp. 8, ECF No. 159.
[13] *Id.*
[14] *Id.* at 2.

that information.[15] This reason is not persuasive because under Rule 26, Plaintiff Hunter had an affirmative duty to continually supplement any medical records related to the claims brought during the course of discovery, including during depositions. Therefore, Plaintiff Hunter has failed to provide a strong reason for why he failed to supplement his discovery in a timely manner.

### B. Prejudice to Defendant

The second factor weighs in favor of Defendant because a failure to disclose and produce Plaintiff Hunter's medical records related to his subsequent injury during discovery is highly prejudicial toward Defendant. The Court examines the prejudice created by the *timing* of the disclosures too. Now, Defendants have limited ability to obtain independent medical examinations or review of records related to the injury to determine its effect on Plaintiff Hunter's vocational prosects. Additionally, Plaintiff Hunter's expert witnesses do not rely on these medical records in their analyses.[16] This omission is highly problematic since Plaintiff Hunter claims monetary damages related to his present physical inability to work. Therefore, the second factor weighs in favor of Defendant.

### C. The Possibility of Curing Such a Prejudice by Granting a Continuance

Defendant's request for continuance is **DENIED** because re-opening discovery for a period of sixty days may cure such prejudice. The current trial setting is January 4, 2027, and Defendant already filed a motion for partial summary judgment (ECF No. 149) on September 8, 2026. The Court believes that allowing Defendant an opportunity to probe this newly discovered evidence during a limited discovery period will allow ample time for Defendant to adequately prepare for trial. Additionally, Plaintiff already provided Defendant with the Montana medical records. Should

---

[15] *Id.* at 3.
[16] Def.'s Br. Mot. Comp. ¶ 17, ECF No. 148.

the timing of the case require it, Defendant may move for continuance by December 16, 2026, and demonstrate good cause for granting a continuance.

**D. The Importance of the Evidence**

The fourth and final factor weighs in favor of Defendant. Here, Plaintiff Hunter alleges that the helicopter crash caused him personal physical injuries that have impaired his ability to work. His own experts claim that Plaintiff Hunter "is unemployable and has no ability to perform any vocation."[17] However, the Montana medical records reveal that Plaintiff Hunter had a job after the helicopter crash. Omitting this information and evidence from Defendant impairs Defendant's ability to rebut Plaintiff Hunter's claims at trial.

Plaintiff Hunter also claims monetary damages related to his personal injuries. Because of this type of allegation and damages calculation, Defendant needs accurate medical records to call into question Plaintiff Hunter's claims since the subsequent injury could have also affected Plaintiff Hunter's current physical state and current ability to work. Given the nature of the adversarial system, Defendant should also have the opportunity to challenge Plaintiff Hunter's experts.

Defendant has met its burden proving that Plaintiff Hunter's omission violated Rule 26, and Plaintiff Hunter failed to meet his burden to establish that the omissions were substantially justified and harmless. Accordingly, because the factors weigh in favor of Defendant, Plaintiff Hunter's lack of candor is harmful and is not substantially justified under Rule 34(c)(1). Thus, the Court may impose sanctions.

[17] Def.'s Br. Mot. Comp. ¶ 14, ECF No. 148.

## IV. CONCLUSION

The Court **DENIES in part** and **GRANTS in part** Defendant's Motion to Compel and for Sanctions (ECF No. 147). Defendant's Motion to Compel Plaintiff's Medical Records is DENIED as moot. The Court **DENIES** Defendant's Motion to Stike Plaintiff Hunter's Claims; **DENIES** Defendant's Motion to Exclude Plaintiff Hunter's damages experts; **DENIES** continuance of the trial date; **GRANTS** a sixty-day extension for reopening discovery for the limited purpose of (1) allowing Defendant to retain an expert to perform an independent medical examination, (2) allowing Defendant's economic damages experts to review said examination for purposes of supplementing their reports, and (3) allowing a subsequent deposition of Plaintiff Hunter related to his injuries at the Galt Ranch; and **GRANTS** Defendant's motion for attorneys' fees, expenses incurred in preparing and filing their motion (ECF No. 147), and the costs of preparing updated expert reports of Dr. Michelle Aliff and David Fuller. Should the timing of the case and discovery require it and Parties demonstrate good cause, the Parties may move for a continuance of the trial date for the Court's consideration.

**SO ORDERED** on this **14th day** of **October, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE